UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BENNIE K. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00023-JMS-MKK |
| | ) | |
| ARAMARK, | ) | |
| BRITTNEE SMITH,[1] | ) | |
| DAN BEDWELL, | ) | |
| JOHN SCHILLING, | ) | |
| TAMMY BOLENBAUGH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Bennie K. Reed is a prisoner currently incarcerated at Wabash Valley Correctional

Facility (WVCF). He alleges that he was injured by chemicals while working in the prison kitchen

and that he lost his job after complaining about the unsafe working conditions. Defendants have

moved for summary judgment. Dkt. [64]; dkt. [70]. For the reasons below, the motions are

**GRANTED**.

**I.**
**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because

there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment,

the Court views the record and draws all reasonable inferences from it in the light most favorable

to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir.

---

[1] The **clerk is directed** to update the defendants' names on the docket to reflect the correct spelling. *See* dkt. 71 at 1.

2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
### Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

In January 2021, Mr. Reed worked in the kitchen at WVCF. Defendants Brittnee Smith, Tammy Bolenbaugh, and Dan Bedwell were employees of Aramark, the company that contracts

with the Indiana Department of Correction to provide food services in Indiana prisons. Ms. Bolenbaugh assigned Mr. Reed to work in the pots and pans area of the kitchen, but when he reported to that station he noticed pieces of equipment—a chemical dispenser and jagged sink edge—that were broken when he last worked in the area approximately 90 days before. Reed Deposition, dkt. 65-1 at 13-14, 18, 26. Ms. Bolenbaugh dismissed Mr. Reed's question as to why the issues had not been fixed. *Id*. at 14. When he tried to complain to again during the same shift, she said "so you don't want to work." *Id*. Mr. Reed replied that he did not want to work in those conditions, and he agreed to be sent back to his cell. *Id*. at 15. In the past, he had experienced irritated skin and calluses on his hands he believed were caused by the broken chemical dispenser and the resulting need to pour the chemical sanitizer directly into the sink water. *Id*. at 27, 32, 38. He never sough medical attention for the skin issues he experienced. *Id*. at 33.

Later that day, he was asked to sign a work evaluation, but he refused because he intended to appeal it. *Id*. at 22. The evaluation was written by Ms. Bolenbaugh and her supervisor, Britnee Smith. Dkt. 65-1 at 19-21. The comment section of the evaluation stated: "Offender Reed said just send me in was not going to do pots pans on 1-14-21. Refused to Work." Dkt. 72-5 at 2. Mr. Reed does not dispute this narrative but argues that the evaluation was false because the defendants selected the worst option for each of the checkboxes even though they had not observed him working. Dkt. 65-1 at 14-15, 39-40. As a result of the evaluation, the Indiana Department of Correction (IDOC) re-classified him out of his job and into idle status. *Id*. at 65.

The parties disagree about whether Mr. Reed received formal training for his job. *Id*. at 42−43. And while he agrees that he was provided with gloves, he attests that they had been used by previous workers and had holes in them. *Id*. at 44.

3

## III.
## Discussion

### A.  Eighth Amendment Claims

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions."

*Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825,

832 (1994)). A conditions-of-confinement claim includes both an objective and subjective

component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective

component, a prisoner must show that the conditions were objectively serious and created "an

excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a

prisoner must establish that the defendants had a culpable state of mind — that they "were

subjectively aware of these conditions and refused to take steps to correct them, showing deliberate

indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that

"requires something approaching a total unconcern for the prisoner's welfare in the face of serious

risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal

quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*,

533 F.3d 505, 509 (7th Cir. 2008).

Here, Mr. Reed has not shown that the conditions he experienced in the kitchen's pots and

pans station created an excessive risk to his health and safety. Mr. Reed alleged in his complaint

that he suffered chemical "burns" as a result of being exposed to the wrong amount of chemical

sanitizer, without proper training or access to gloves that did not have holes in them. Dkt. 30

at 5−6. But his deposition testimony that he at most suffered callouses and skin irritation is

insufficient to maintain his claim. There is no evidence that his callouses and skin irritation were

caused by anything more dangerous than working with his hands in dishwater. Any alleged risk of

4

harm is not compensable without evidence of injury.[2] *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Similarly, to the extent his claim can be characterized as deliberate indifference to a serious medical need, he has submitted insufficient evidence to demonstrate that he suffered an objectively serious medical condition. *See Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021) ("Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need.").

Finally, because Aramark acted under color of state law by contracting to perform a government function—providing food services to inmates—it is treated as a government entity for purposes of 42 U.S.C. § 1983 claims. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 966 (7th Cir. 2019). Therefore, a claim against Aramark must be based on a policy, practice, or custom that caused a constitutional violation. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). To prevail on such a claim, "a plaintiff must ultimately prove three elements: (1) an action pursuant to a municipal [or corporate] policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning the municipal [or corporate] action was the 'moving force' behind the constitutional injury." *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020). The Court has already found that the conditions Mr. Reed was exposed to were not unconstitutional. No reasonable juror could conclude that the conditions violated the Constitution, nor that Aramark was the moving force behind the violation. Thus, Aramark is entitled to summary judgment.

---

[2] Because Mr. Reed has not shown that he was exposed to an excessive risk to his health and safety, Defendant Schilling is also entitled to summary judgment. The Court need not address Mr. Schilling's argument that he was not personally involved in inspecting the pots and pans station during the relevant time period. *See* dkt. 66.

### B. First Amendment Retaliation Claim

Mr. Reed alleged that Defendants Smith and Bolenbaugh wrote a false negative job evaluation for him in retaliation for his complaints about the unsafe conditions in the kitchen. To succeed on a First Amendment retaliation claim, a plaintiff must come forward with evidence sufficient to allow a reasonable jury to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). If he does so, the burden shifts to the defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 668, 680 (7th Cir. 2020). If they can make that showing, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

Defendants Smith and Bolenbaugh dispute that they took any adverse against Mr. Reed. Instead, they argue that their evaluation correctly reported to the Indiana Department of Correction that Mr. Reed refused to work in the kitchen and agreed to be sent back to his cell. Dkt. 71 at 19. Mr. Reed does not dispute that he refused to work and agreed to be sent back to his cell. Dkt. 65-1 at 14-15. No reasonable juror could conclude that Defendants Smith and Bolenbaugh's truthful evaluation was a deprivation. The IDOC's decision to re-classify him out of his kitchen job as a result of the evaluation was based on his refusal to work, not his complaints about the pots and pans station. *See Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020) ("[A] transfer initiated to punish a prisoner for engaging in protected activity would satisfy the causation element of retaliation, but a transfer initiated as a rational, justifiable response to the substance of the prisoner's complaint would not."). Mr. Reed's re-classification was a rational, justifiable response

6

to his refusal to work. He has not shown that his complaint about the sink was a motivating factor in either his evaluation or re-classification. Thus, Defendants Smith and Bolenbaugh are entitled to summary judgment on Mr. Reed's First Amendment retaliation claim.

**IV.**
**Conclusion**

For these reasons, Defendants' motions for summary judgment, dkt. [64] and dkt. [70], are **GRANTED**. Final judgment will issue in a separate entry.

**IT IS SO ORDERED.**

Date: 2/14/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BENNIE K. REED
204028
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Jordan Douglas Hall
Lewis and Wilkins LLP
hall@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com